**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VEGAS DIAMOND PROPERTIES, LLC,
and JOHNSON INVESTMENTS, LLC,
        *Plaintiffs-Appellants,*

        v.

FEDERAL DEPOSIT
INSURANCE CORPORATION AS
RECEIVER FOR LA JOLLA BANK,
FSB, and ACTION FORECLOSURE
SERVICES, INC.,
        *Defendants-Appelleees.*

No. 10-56720

D.C. No.
3:10-cv-01205-WQH
(BGS)

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
June 7, 2011—Pasadena, California

Filed January 6, 2012

Before: Dorothy W. Nelson and Sandra S. Ikuta,
Circuit Judges, and Lawrence L. Piersol,* District Judge.

Opinion by Judge Piersol

*The Honorable Lawrence L. Piersol, United States District Judge for
the District of South Dakota, sitting by designation.

## COUNSEL

Gus W. Flangas, Kim D. Price, Flangas McMillan Law Group, Las Vegas, Nevada, for the plaintiffs/appellants.

Joseph L. Oliva, Thomas E. Ladegaard, Oliva & Associations, ALC, San Diego, California, for the defendant/appellee FDIC.

J. Scott Watson, Counsel, Federal Insurance Deposition Corporation, Arlington, Virginia, for the defendant/appellee FDIC.

## OPINION

PIERSOL, District Judge:

Vegas Diamond Properties, LLC, (Vegas Diamond) and Johnson Investments, LLC, (Johnson Investments) appeal from the district court's Order granting the Ex Parte Motion to Dissolve Temporary Restraining Order filed by the Federal Deposit Insurance Corporation (FDIC) as receiver for La Jolla Bank. The temporary restraining order, which was issued by a Nevada state court judge, enjoined La Jolla Bank and

Action Foreclosure Services, Inc., from proceeding with a trustee's sale of real properties owned by Vegas Diamond and Johnson Investments. The district court determined that 12 U.S.C. § 1821(j), the anti-injunction provision of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA) precluded a court from enjoining the FDIC from conducting a trustee's sale of the real properties. Since the real properties were sold during the pendency of this appeal, the appeal is dismissed as moot.

## BACKGROUND

La Jolla Bank is a federally chartered savings bank. Robert Dyson, an owner of various real estate entities in Southern California and Las Vegas, Nevada, obtained a series of loans from La Jolla Bank. Dyson and an entity controlled by Dyson purchased land for development in Anza, California. La Jolla Bank lent Dyson money in connection with the Anza property, but required Dyson, when he sought another loan, to find a partner or investor so as to meet equity requirements.

Vegas Diamond owned approximately 8.96 acres of real property located near Barbara Street and Las Vegas Boulevard in Las Vegas, Nevada. Johnson Investments also owned real properties of approximately 4.19 and 2.5 acres located near Barbara Street and Las Vegas Boulevard in Las Vegas, Nevada. Dyson contacted and allegedly painted a strong but inaccurate financial picture of the Anza project to the principals of Johnson Investments and Vegas Diamond.

The principals of Johnson Investments and Vegas Diamond agreed to take out loans from La Jolla Bank which were secured against the Johnson Investments properties and the Vegas Diamond property in Las Vegas, and also agreed to loan the proceeds to Dyson so the Anza project could proceed. Johnson Investments received a $10,933,125 loan and Vegas Diamond received a $14,568,750 loan from La Jolla Bank.

Vegas Diamond and Johnson Investments allege that La Jolla Bank and Dyson knew but did not disclose that the Anza project was worth around $15 million, when the project was securing loans in the amount of $32.5 million. Vegas Diamond and Johnson Investments also allege that unbeknownst to their principals, money from the loans made by La Jolla Bank to Johnson Investments and Vegas Diamond was used to pay off other loans Dyson had with La Jolla Bank and to pay Dyson's accountant.

Less than a month after the closing on the loans made by La Jolla Bank to Johnson Investments and Vegas Diamond, Dyson defaulted on his first interest payment. On February 19, 2010, the Office of Thrift Supervision appointed the FDIC as receiver of La Jolla Bank after finding that La Jolla Bank was in an unsafe and unsound condition to transact business. Dyson filed for bankruptcy on October 31, 2009, and the Vegas Diamond and Johnson Investments properties ended up in foreclosure.

A month before the FDIC was appointed receiver of La Jolla Bank, Vegas Diamond and Johnson Investments filed an Emergency Ex Parte Application for Temporary Restraining Order and Motion for Preliminary Injunction in Nevada state court seeking to enjoin La Jolla Bank and Action Foreclosure Services, Inc., from proceeding with a Trustee's sale of the Vegas Diamond and Johnson Investments properties. The underlying complaint pleaded causes of action against La Jolla Bank for fraudulent concealment, negligence, civil conspiracy, breach of the covenant of good faith and fair dealing, and aiding and abetting deceit. On January 11, 2010, the Nevada state court granted the Temporary Restraining Order. Two days later La Jolla Bank removed the action to the Nevada district court which accepted the parties' stipulation to continue the Temporary Restraining Order.

On April 21, 2010, the FDIC moved to substitute the FDIC as receiver for La Jolla Bank and venue was changed to the

Southern District of California. The FDIC successfully moved to dissolve the Temporary Restraining Order on the basis that injunctive relief is not allowed under 12 U.S.C. § 1821(j).[1] Vegas Diamond and Johnson Investments have continuously maintained that the Temporary Restraining Order should not be dissolved since there has been no adjudication of the issue of whether the alleged fraud precluded the real properties from being a part of La Jolla Bank's estate and subject to administration by the FDIC. On May 18, 2011, the FDIC submitted a letter requesting that this appeal should be dismissed as moot because the properties in issue had been sold in March of 2011. In a June 3, 2011 letter, the FDIC urged that this appeal was not moot.

## MOOTNESS

Although the FDIC has wavered in its position on whether this appeal is moot, as a prerequisite to our exercise of jurisdiction, we must satisfy ourselves that a case is not moot. *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1098 (9th Cir. 2000). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). An appeal is moot if no present controversy exists as to which an appellate court can grant effective relief. *W. Coast Seafood Processors Ass'n v. Natural Res. Def. Council*, 643 F.3d 701, 704 (9th Cir. 2011); *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993).

**[1]** The Johnson Investments properties were purchased by a bona fide third party purchaser, but the Vegas Diamond

---

[1] 12 U.S.C. § 1821(j) provides: "Except as provided in this section, no court may take any action, except at the request of the Board of Directors by regulation or order, to restrain or affect the exercise of powers or functions of the Corporation as a conservator or a receiver."

properties were purchased by the FDIC, as the receiver of La Jolla Bank. Johnson Investments and Vegas Diamond contend that the sale of the Vegas Diamond property to the FDIC does not moot this appeal because this Court has the power to unwind the sale to the FDIC. This argument overlooks the nature and scope of the appeal in this case. In this appeal, brought under 28 U.S.C. § 1292(a) from an interlocutory order dissolving a temporary restraining order and denying a motion for preliminary injunction, Johnson Investments and Vegas Diamond sought the relief of reinstating the order prohibiting the FDIC from conducting a trustee's sale of the real properties. No stay of the order of dissolution of the temporary restraining order was obtained, and thus the sale of the real properties prevents this Court from granting the requested relief and accordingly renders this appeal moot. *See Sharpe v. FDIC*, 126 F.3d 1147, 1154-55 (9th Cir. 1997) (the FDIC having recorded a reconveyance rendered moot the claim for injunctive relief seeking to enjoin the FDIC from recording the instruments in issue). This action is moot because the activities sought to be enjoined have already occurred and can no longer be prevented. *Friends of the Earth, Inc. v. Bergland*, 576 F.2d 1377 (9th Cir. 1978).

**[2]** We are unpersuaded that this case meets the requirements of the "capable of repetition, yet evading review" exception to the general principles of mootness, which exception was recognized in *S. Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911). "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). This case does not present the special circumstance contemplated in the "capable of repetition, yet evading review" exception. In addition, since Vegas Diamond and Johnson Investments are allowed to bring damages actions for the alleged unlawful conduct associated with the foreclosures, this conduct does not "evade review." *See Alvarez v. Smith,* 130 S.Ct. 576, 581 (2009).

Vegas Diamond and Johnson Investments had the right to exhaust the administrative claims procedure and then seek relief in the federal district court for claims involving the failed financial institution. *See* 12 U.S.C. § 1821(d). Their initial complaint set forth claims for damages against La Jolla Bank as well as a cause of action for injunctive relief. At the time of oral argument in this appeal a motion to amend the complaint was pending in the district court which added defendants and causes of action requesting equitable relief in the form of cancellation of the Trustee's sale of the properties and damages for alleged negligence in failing to follow Nevada law with regard to the Trustee's sale of the properties. A review of the district court's docket sheet discloses that the motion to amend was granted. Although Vegas Diamond and Johnson Investments predict that any monetary damages they may recover will be inadequate, they have not demonstrated that their claims evade review.

**[3]** Vegas Diamond and Johnson Investments cite to numerous state court decisions in which a moot issue was ruled on when it raised issues of substantial public interest, and argue that such an approach is allowable in the case at hand based on the "flexible character of the Art. III mootness doctrine." *See United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 400 (1980). "[P]urely practical considerations," such as the public interest, standing alone, however, are not controlling in the federal courts on the issue of mootness. *See Richardson v. Ramirez,* 418 U.S. 24, 36 (1974)("While the Supreme Court of California may choose to adjudicate a controversy simply because of its public importance, and the desirability of a statewide decision, we are limited by the case-or-controversy requirement of Art. III to adjudication of actual disputes between adverse parties."); *Williams v. Alioto*, 549 F.2d 136, 144-45 (9th Cir. 1977).

**[4]** For all of the above reasons, we dismiss the appeal as moot and vacate[2] the orders granting, continuing and dissolv-

---

[2]*See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 482 (1990).

ing the injunction prohibiting a trustee's sale of real properties owned by Vegas Diamond and Johnson Investments.

**DISMISSED**.