# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HOWARD BACK,

          *Plaintiff-Appellant,*

v.

KATHLEEN SEBELIUS, Secretary,
U.S. Department of Health
Services,

          *Defendant-Appellee.*

No. 11-55175

D.C. No.
5:09-cv-01706-
VAP-DTB

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
May 9, 2012—Pasadena, California

Filed July 5, 2012

Before: John T. Noonan, Jr., and Raymond C. Fisher,
Circuit Judges, and James E. Gritzner, District Judge.*

Opinion by Judge Fisher

---

*The Honorable James E. Gritzner, Chief United States District Judge
for the Southern District of Iowa, sitting by designation.

## COUNSEL

Sally Hart, Center for Medicare Advocacy, Inc., Tucson, Arizona; Gill Deford (argued), Center for Medicare Advocacy, Inc., Willimantic, Connecticut; Richard A. Rothschild and Antionette Dozier, Western Center on Law and Poverty, Los Angeles, California, for the plaintiff-appellant.

Tony West, Assistant Attorney General; André Birotte, Jr., United States Attorney; Michael S. Raab and Stephanie R. Marcus (argued), Attorneys, Appellate Staff, Civil Division, U.S. Department of Justice, Washington, D.C., for the defendant-appellee.

## OPINION

FISHER, Circuit Judge:

The Medicare Act sets forth a federally funded health insurance program for the aged and disabled that includes hospice care designed to provide terminally ill patients with palliative care. Howard Back brought this suit alleging that Secretary of Health and Human Services Kathleen Sebelius violated her duties under the Medicare Act and the Fifth Amendment Due Process Clause by failing to provide an administrative process for beneficiaries of hospice care to

appeal a hospice provider's refusal to provide a drug prescribed by their attending physician. Although the government led Back to believe there was no appeal process, in fact and as admitted by the Secretary after Back filed his complaint, such a process does exist. Accordingly, we hold that no controversy now exists and dismiss the appeal as moot.

## I.

Part A of the Medicare Act provides coverage for hospice care, including nursing care, physical or occupational therapy, medical supplies (including drugs), physicians' services, short term inpatient care and counseling. *See* 42 U.S.C. §§ 1395d(a)(4), 1395x(dd)(1). An individual who elects to receive these benefits waives his right to have Medicare payments made for treatment of his underlying terminal illness by someone other than the individual's attending physician or the designated hospice program. *See id.* § 1395d(d)(2)(A). The hospice benefit covers only "expenses incurred for items or services . . . reasonable and necessary for the palliation or management of terminal illness." *Id.* § 1395y(a). Medicare pays hospice providers on a per diem basis that depends on the intensity of the care provided and the geographic location of the patient. *See id.* § 1395f(i); 42 C.F.R. § 418.302.

In 2007, Howard Back's wife was diagnosed as terminally ill. At the time of the diagnosis, she was enrolled in Medicare and elected to receive hospice services from the Visiting Nurse Association (VNA), a hospice provider covered by Medicare. While at VNA, Mrs. Back suffered constant pain that could not be controlled by the pain medications that VNA supplied. In February 2008, her attending physician prescribed another medication, called Actiq, but VNA refused to provide her with the drug. Back therefore paid $5940 for his wife's prescriptions for Actiq out of his own pocket until Mrs. Back died in March 2008.

In September 2008, Back submitted the Actiq bills to VNA for reimbursement, but VNA declined to pay. In November

2008, Back wrote to VNA, stating that Actiq was part of his wife's care plan that had been signed by the hospice's inter-disciplinary team. He also announced his intention to file a formal appeal with Medicare. VNA erroneously informed Back that he should file his appeal with National Government Services (NGS).

Back then wrote to NGS stating his intent to appeal. The Center for Medicare & Medicaid Services (CMS), the federal agency charged with administering Medicare, responded that only the legal representative of Mrs. Back's estate could file an appeal, and requested documents naming him as the personal representative of the estate. Back sent the requested documentation to CMS, which ignored the documents and again requested proof that Back was the legal representative of Mrs. Back's estate. Back then hired an attorney, who wrote CMS setting forth several legal bases on which Back was entitled to file an appeal. CMS responded that any appeal had to be filed by the hospice provider, not Back.

In September 2009, Back filed this suit against the Secretary. He alleged that the Secretary violated her duties under the Medicare Act and the Fifth Amendment Due Process Clause by not providing an administrative process for a hospice beneficiary to appeal a hospice provider's refusal to provide a drug. Back requested declaratory judgment and a permanent injunction requiring the Secretary to provide an administrative appeals process. He also asked the court to fashion an administrative process.

The Secretary moved for judgment on the pleadings. She stated that, contrary to CMS's representations, a hospice beneficiary may file an appeal under existing procedures. Thus, the Secretary argued, Back's suit was moot. In the alternative, she argued that the court lacked jurisdiction to hear Back's claim because he had not exhausted his administrative remedies. The district court granted the Secretary's motion based on the exhaustion ground. Back timely appealed.

## II.

**[1]** "[A]s a prerequisite to our exercise of jurisdiction, we must satisfy ourselves that a case is not moot." *Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936 (9th Cir. 2012). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.' " *Id.* (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). "An appeal is moot if no present controversy exists as to which an appellate court can grant effective relief." *Id.*

**[2]** Back's only allegation is that the Secretary violated her duties by failing to create a process for hospice beneficiaries to appeal a hospice provider's refusal to provide a particular drug. He bases this allegation on the letter he received from CMS stating that his hospice provider must file the administrative appeal. He seeks only declaratory judgment and injunctive relief to remedy the alleged failure. However, the relief Back seeks — an administrative appeals process open to hospice beneficiaries — already exists. The Secretary has confirmed this through her judicial admission to that effect, repudiating the erroneous representations of CMS to the contrary.[1]

The Medicare Act provides:

---

[1]Specifically, the Secretary has admitted that Back "was mistakenly given the name of a fiscal intermediary that handles provider claims, not beneficiary claims, by his hospice provider, and that an employee of the intermediary with whom he spoke provided inaccurate information." The Secretary has further admitted that hospice beneficiaries may pursue the administrative appeals process described above and that Back could have done so by "fil[ing] a claim on a CMS-1490S with Palmetto GBA, the Medicare Administrative Contractor for [Back] and other California residents. [Back] will then receive an initial determination from the MAC. If dissatisfied, [he] may appeal via the process under 42 U.S.C. § 1395ff and 42 C.F.R. part 405, subpart I."

The Secretary shall promulgate regulations and make initial determinations with respect to benefits under part A of this subchapter [which includes hospice benefits] . . . in accordance with those regulations for the following:

(A) The initial determination of whether an individual is entitled to benefits under such parts.

(B) The initial determination of the amount of benefits available to the individual under such parts.

(C) Any other initial determination with respect to a claim for benefits under such parts, including an initial determination by the Secretary that payment may not be made, or may no longer be made, for an item or service under such parts . . . .

42 U.S.C. § 1395ff(a)(1). The Act further provides that any individual dissatisfied with his or her initial determination shall be entitled to reconsideration of the determination, a hearing by the Secretary and, after such hearing, judicial review of the Secretary's final decision. *See id.* § 1395ff(b)(1)(A).

**[3]** Consistent with these mandates, the Secretary has promulgated regulations that provide an administrative process for Part A beneficiaries who are refused a benefit from their Medicare provider. *See* 42 C.F.R. ch. IV, subch. B, pt. 405, subpt. I. The regulations authorize a beneficiary to submit a claim to the appropriate Medicare contractor to make an initial determination as to whether "items and/or services furnished are covered under title XVIII [i.e. Medicare]." *Id.* § 405.924(b); *see also id.* § 405.906(a) (recognizing a beneficiary as party to the initial determination).[2] "After a claim is

---

[2]The regulations define "beneficiary" to include "an individual who is enrolled to receive benefits under Medicare Part A." 42 C.F.R. § 405.902.

filed with the appropriate contractor . . . the contractor must . . . [d]etermine if the items and services furnished are covered or otherwise reimbursable" and "[d]etermine any amounts payable and make payment accordingly." *Id.* § 405.920. A beneficiary "that is dissatisfied with an initial determination may request a redetermination by a contractor." *Id.* § 405.940; *see also id.* §§ 405.940-.958 (setting forth the process for a redetermination), followed by reconsideration of the redetermination, *see id.* §§ 405.960-.978, an ALJ hearing, *see id.* §§ 405.1000-.1054, and review by the Medicare Appeals Council, *id.* §§ 405.1100-.1140; *see also id.* § 405.906(b) (providing that a party to an initial determination may be party to a redetermination, reconsideration, ALJ hearing and Appeals Council review). Finally, the beneficiary may seek judicial review. *See id.* § 405.1136.

[4] The Secretary has judicially admitted that hospice beneficiaries may pursue claims for reimbursement under this process if a hospice provider refuses to pay for drugs or services sought by the beneficiary. We find nothing in the regulations that would preclude hospice beneficiaries from doing so.[3] We have no reason to believe the Secretary or her agents

---

[3]Despite the Secretary's admission, Back insists that beneficiaries may not file an appeal under the Secretary's procedure. He contends that, although the Secretary's regulations may cover hospice beneficiaries, the Medicare Claims Processing Manual (MCPM) excludes hospice beneficiaries from pursuing an administrative appeal. He has not identified any language in the MCPM that supports his argument. On the contrary, the MCPM appears to be consistent with the Secretary's regulations. *See* MCPM, ch. 29, § 200(B) (June 11, 2010) (quoting verbatim 42 C.F.R. § 405.924(b)'s requirement that a Medicare contractor "make[ ] initial determinations regarding claims for benefits under Medicare Part A," including whether "the items and/or services furnished are covered under title XVIII"), *available at* http://www.cms.gov/Regulations-and-Guidance/ Guidance/Manuals/downloads/clm104c29.pdf (last visited June 13, 2012); *id.* § 110 (stating that beneficiaries are parties to an initial determination); *id.* §§ 210, 220 (stating that a beneficiary may appeal an initial determination and describing the entire appeals process set forth by the Secretary's regulations).

will disavow or disregard the established regulatory process in the future.[4] Because the Secretary has already created the administrative appeals process that Back seeks, "no present controversy exists as to which [we] can grant effective relief." *Vegas Diamond Props., LLC*, 669 F.3d at 936; *see also Spencer-Lugo v. INS*, 548 F.2d 870, 870-71 (9th Cir. 1977) (per curiam) (holding that a case was moot where the INS offered the petitioners exactly what they asked for); 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3533.2 (3d ed. 2008) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case. . . . Action by the defendant that simply accords all the relief demanded by the plaintiff may have the same effect as settlement or an offer of settlement. So long as nothing further would be ordered by the court, there is no point in proceeding to decide the merits."). The appeal is therefore moot.[5]

Because no controversy exists, we do not reach the question of whether we lack jurisdiction to consider Back's claim under the Medicare Act because of his failure to exhaust administrative remedies.

---

[4]We do not believe this case raises concerns of voluntary cessation. Since her initial response to this lawsuit, the Secretary has explained that CMS's letter was mistaken and that hospice beneficiaries may file an administrative appeal under the regulations discussed in text. We have no expectation that the Secretary will in the future seek to repudiate that position. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *see also Thalheimer v. City of San Diego*, 645 F.3d 1109, 1126 (9th Cir. 2011) (noting that concerns of voluntary cessation are of particular force in a case in which the voluntary cessation occurred only in response to the district court's judgment).

[5]We note that the Secretary has stated that she will waive the timeliness requirement for filing an administrative appeal in this instance to permit Back to pursue an administrative remedy under the process described above.

## III.

We understand Back's frustration, having been misinformed by CMS and forced to hire an attorney and bring suit to be properly informed of his right to appeal. As this opinion makes clear, however, Back already has the only relief he seeks — he and other hospice beneficiaries may utilize the Secretary's procedures to appeal a hospice provider's refusal to provide a drug or service. We expect that the Secretary will take action to ensure that her agencies are properly informed in the future.

[5] We vacate the district court's judgment, remand and instruct the court to dismiss the case as moot. Costs on appeal are awarded to Back.

**DISMISSED AS MOOT.**