**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BIG BLUE CAPITAL PARTNERS LLC, an Ohio limited liability company, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> RECONTRUST COMPANY, NA; et al., <br><br> Defendants - Appellees. | No. 12-35603 <br><br> D.C. No. 3:12-cv-00292-MO <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted May 14, 2014
Portland, Oregon

Before: TASHIMA, IKUTA, and N.R. SMITH, Circuit Judges.

The district court dismissed the complaint filed by Big Blue Capital

Partners, which alleged that ReconTrust Company failed to follow Oregon law

when it initiated nonjudicial foreclosure proceedings against property now owned

by Big Blue. Because ReconTrust rescinded the notice of default, effectively

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

abandoning the foreclosure proceedings, Defendants contend this appeal is moot. We agree with Defendants and dismiss the appeal. *See Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936–37 (9th Cir. 2012).

Big Blue does not dispute that ReconTrust rescinded the notice of default. Instead, Big Blue argues that the "capable of repetition, yet evading review" exception to mootness applies. *See id.* However, this exception "applies only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality." *Id.* (internal quotation marks omitted). Big Blue has not made this showing.

After ReconTrust rescinded the notice of default, the Oregon Supreme Court substantiated allegations in Big Blue's complaint by holding that Mortgage Electronic Registration Systems (MERS) may not qualify as a trust deed's beneficiary under Oregon law. *See Brandrup v. ReconTrust Co., N.A.*, 303 P.3d 301, 312 (Or. 2013). Defendants acknowledge the effect of this ruling, and we may therefore conclude that plaintiffs will not again be subjected to a foreclosure based on a notice of default that is issued by a trustee that is appointed by MERS acting as beneficiary under a deed of trust. *See Vegas Diamond Props.*, 669 F.3d at 937.

The district court's order granting Defendants' motion to dismiss is vacated.

*See ACLU of Nev. v. Masto*, 670 F.3d 1046, 1065 (9th Cir. 2012).

**DISMISSED.**