NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 27 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PAUL DEN BESTE; MELODY DEN BESTE,<br><br>Debtors.<br>———————————————<br>PAUL DEN BESTE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>ALEC HARRINGTON; et al.,<br><br>Defendants-Appellees. | No. 13-17494<br><br>D.C. No. 4:12-cv-06189-SBA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Paul Den Beste appeals pro se from the district court's order affirming the

———————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy court's order granting appellee's motion for attorney's fees as a sanction. We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standard of review applied by the district court. *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). We affirm.

Contrary to Den Beste's assertion, a bankruptcy court possesses the authority to sanction a party for bad faith or willful misconduct. *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009) (inherent power of bankruptcy court allows court to impose sanctions and provide compensation for improper litigation tactics).

The bankruptcy court did not abuse its discretion by sanctioning Den Beste because the record supports the bankruptcy court's finding that Den Beste filed the adversary proceeding in bad faith and for the sole purpose of harassing appellee. *See id.* (bankruptcy court's sanction decision reviewed for abuse of discretion); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1188 (9th Cir. 2003) (bankruptcy court's factual finding reviewed for clear error).

To the extent that Den Beste challenges the bankruptcy court's order granting appellee's motion for summary judgment, the bankruptcy court's order annulling the automatic stay rendered the adversary proceeding moot. *See Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936 (9th Cir. 2012) ("An appeal is

13-17494

moot if no present controversy exists as to which an appellate court can grant effective relief.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**