**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

RHONDA PITTMAN,

                Plaintiff-Appellant,

   v.

WELLS FARGO BANK, N.A., Successor
by merger with Wachovia Mortgage FSB
formerly known as World Savings Bank
FSB its Successors and/or Assigns; et al.,

                Defendants-Appellees.

No. 16-56017

D.C. No. 5:16-cv-00348-GW-JEM

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 11, 2017[**]

Before:    CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

Rhonda Pittman appeals pro se from the district court's judgment dismissing

her action alleging violations of the Truth in Lending Act ("TILA"). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hunt v. Imperial*

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Merchant Servs., Inc.*, 560 F.3d 1137, 1140 (9th Cir. 2009) (jurisdiction); *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009) (dismissal under Federal Rule of Civil Procedure 12(b)(6)). We affirm in part and dismiss in part.

The district court properly dismissed Pittman's TILA claim for damages because Pittman failed to allege facts sufficient to show that Wells Fargo violated TILA or that Pittman's claim was not time-barred. *See* 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation).

To the extent Pittman seeks injunctive relief related to the nonjudicial foreclosure sale, this court cannot grant that relief because the sale of the property has already been completed. *See Vegas Diamond Props., LLC v. FDIC*, 669 F.3d 933, 936 (9th Cir. 2012) ("[T]he sale of the real properties prevents this Court from granting the requested relief and accordingly renders this appeal moot."); *Am. Cas. Co. of Reading, Pa. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) (a case is moot when there is no longer a present controversy as to which effective relief can be granted).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED in part; DISMISSED in part.**