**ESKANOS & ADLER, P.C.,**
**Plaintiff–Appellant,**

v.

**Somkiat G. LEETIEN, Defendant–**
**Appellee.**

**No. 01–56203.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Filed Nov. 7, 2002.

Barry Adler, Concord, CA, for the appellant.

Mark L. Miller, San Diego, CA, for the appellee.

Before HUG, JR., BRUNETTI, and O'SCANNLAIN, Circuit Judges.

## OPINION

HUG, Circuit Judge.

Somkiat Leetien ("Leetien") filed for bankruptcy. Shortly thereafter, her creditor, First Select, Inc. ("First Select"), through its legal counsel and collection agent, Eskanos & Adler ("Eskanos"), filed in state court a collection action against Leetien. The bankruptcy judge jointly sanctioned Eskanos and First Select $1,000 for willfully violating the automatic stay protection in federal bankruptcy law by failing to timely dismiss or stay the state collection action. The district court affirmed.

Eskanos appeals, claiming that federal bankruptcy law imposes no affirmative duty to discontinue post-petition state collection actions. Eskanos also contends that no willful violation occurred, and that Leetien did not sustain actual damages. First Select does not appeal the district court's order. We disagree with Eskanos and AFFIRM.

## I

On August 18, 2000, Leetien voluntarily filed a Chapter 7 bankruptcy petition. This filing engages the automatic stay protection pursuant to 11 U.S.C. § 362(a) of the Bankruptcy Code. First Select, listed as an unsecured creditor from Leetien's schedules, was notified via first class mail on August 23, 2000. On August 28, 2000, Eskanos filed a collection action on behalf of First Select in California state court against Leetien. Leetien received a summons for this action on September 5, 2000.

On September 6, 2000, counsel for Leetien, Michael Doan ("Doan"), made several attempts to speak by telephone with an attorney at Eskanos, but no lawyer at the firm would speak with him. Ultimately Doan managed to leave a message of Leetien's pending bankruptcy petition with a legal assistant. He also notified Eskanos on this date through two faxes. Doan requested that the state action be either dismissed or placed on the state's stay calendar by September 20, 2000. On September 26, failing to receive communication from Eskanos, Doan contacted the state court, which confirmed the collection action remained active.

Eskanos did not dismiss its state collection action until September 29, 2000, and made no attempt to explain its delay to Leetien. Moreover, Eskanos did not contact Leetien until October 3, 2000, the date Leetien filed its automatic stay violation motion against First Select and Eskanos in federal bankruptcy court.

Bankruptcy Judge Louise Adler ruled that Eskanos willfully violated the automatic stay. She concluded that sanctions were appropriate under 11 U.S.C. § 362(h) because Eskanos knew of the bankruptcy filing on September 6, 2000, and unjustifiably delayed in dismissing the state action until September 29, 2000. She rejected Eskanos's proffered excuses that delay re-

sulted from problems with its process server, and misplacing the case number to the state collection action. Judge Adler found that Leetien sustained actual damages defending against a potential default judgment from the active state collection action.

Judge Adler additionally ruled that First Select received notice of Leetien's bankruptcy on August 23, 2000, in time to notify Eskanos before it served Leetien with the state action summons on September 5, 2000. She expressly rejected First Select's defense that due to its large size and the many thousand collection accounts it monitors, it did not have knowledge of the August 23 notice until it registered the notice into its computer system on September 12, 2000.

On June 27, 2001, the district court affirmed the award of $1,000 sanctions imposed jointly and severally upon Eskanos and First Select by the bankruptcy court.

Jurisdiction of this court is proper pursuant to 28 U.S.C. § 158(d).

## II

■ This court reviews de novo the district court's decision on an appeal from the bankruptcy court. *Onink v. Cardelucci (In re Cardelucci)*, 285 F.3d 1231, 1233 (9th Cir.2002). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir.2002).

■ Whether the automatic stay provisions of 11 U.S.C. § 362(a) have been violated is a question of law reviewed de novo. *California Employment Dev. Dep't v. Taxel (In re Del Mission)*, 98 F.3d 1147, 1150 (9th Cir.1996). Here, we must decide for the first time whether a party has an affirmative duty under § 362(a) to discontinue post-petition collection actions in non-bankruptcy fora against a debtor.

■ Whether a party has willfully violated the automatic stay is a question of fact reviewed for clear error. Fed. R. Bankr.P. 8013; *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 167 (9th Cir. BAP 1995). The amount of sanctions imposed for a willful violation of the stay is reviewed for an abuse of discretion. *Franchise Tax Board v. Roberts (In re Roberts)*, 175 B.R. 339, 343 (9th Cir.BAP 1994).

## III

A. Section 362(a) Imposes an Affirmative Duty to Discontinue Collection Actions

While a Bankruptcy Appellate Panel in this circuit has held that creditors have an affirmative duty to discontinue post-petition collection actions, *In re Roberts*, 175 B.R. at 343, our court does not have a published opinion dealing with the issue.

■ We begin with the statute. The first and most important step in construing a statute is the statutory language itself. *Chevron, U.S.A., Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 842–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). We look to the text of the statute to "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340, 117 S.Ct. 843, 136 L.Ed.2d 808 (1997). Our inquiry ceases if from the plain meaning of the statute congressional intent is unambiguous, and the statutory scheme is coherent and consistent. *Id.*

Section 362(a)(1) automatically stays:

the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of

the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

■ This statute is unambiguous. The plain language of § 362(a)(1) prohibits the continuation of judicial actions. Section 362(h) permits a person injured by any willful violation to recover actual and punitive damages. The continuation against judicial actions includes the maintenance of collection actions filed in state court. It contradicts the plain meaning of the statute to suggest that the § 362(a)(1) stay against the continuation of judicial actions does not prohibit the maintenance of an active collection action or the unjustified delay in the dismissal of such. A party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362(h).

■ It would be inconsistent with the statutory scheme to countenance post-petition collection actions filed in state court. In providing the automatic stay, Congress intended all claims against a debtor be brought in a single forum, the bankruptcy court. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n,* 997 F.2d 581, 585 (9th Cir.1993). The scope of protections embodied in the automatic stay is quite broad, and serves as one of the most important protections in bankruptcy law. *Id.; see also Chugach Timber Corp. v. Northern Stevedoring & Handling Corp.,* 23 F.3d 241, 243 (9th Cir.1994). Collection actions maintained in state court threaten the proper execution of bankruptcy proceedings by exposing the debtor's estate to multiple collection actions, undermining the debtor's ability to reorganize her financial affairs, and jeopardizing the creditors as a class with the possibility that one

creditor will obtain payment to the detriment of all others. *Hillis Motors,* 997 F.2d at 585. For these reasons we have held that the automatic stay requires an immediate freeze of the status quo by precluding and nullifying post-petition actions. *Id.*

Eskanos contends that § 362(a)(1)'s prohibition against "continuation" should be interpreted narrowly to require conduct beyond maintaining an active claim. It suggests additional efforts in prosecuting the claim should be required. Eskanos cites a Western District of Pennsylvania bankruptcy court decision supporting the proposition that: "continuation in the context of § 362(a) means to carry forward or persist." *Taylor v. Slick (In re Taylor),* 207 B.R. 995, 999–1000 (Bankr.W.D.Pa. 1997) (*citing Webster's II New Riverside University Dictionary* 305 (1984)). Eskanos asserts that it did not carry forward or persist in its collection action, but rather merely calendared the action for future determination.

■ This proposition does little to advance Eskanos's argument. Maintenance of an active collection action in state court does nothing if not carry forward or persist against a debtor. A debtor enjoys little satisfaction from a creditor's honest words that it files a collection action in state court but refrains from persisting in the collection action until bankruptcy proceedings sort itself out. Active state filings exist as more than placeholders—the risk of default judgment looms over the debtor throughout. Counsel must be engaged to defend against a default judgment. Additionally, state collection actions are not to be used as leverage in negotiating collection over the debtor's estate already in bankruptcy.

Alternatively, Eskanos cites two Ninth Circuit cases holding the postponement of foreclosure sales by creditors does not vio-

late an automatic stay. *First Nat'l Bank v. Roach (In re Roach)*, 660 F.2d 1316, 1318 (9th Cir.1981); *Mason–McDuffie Mortg. Corp. v. Peters (In re Peters)*, 101 F.3d 618, 620 (9th Cir.1996) (per curiam).

Both *Roach* and *Peters* are inapposite. In each the legal holding addressed postponements of actions to collect debts where the creditor notified the debtor of the postponement and maintained the bankruptcy proceeding's status quo. *Roach*, 660 F.2d at 1317; *Peters*, 101 F.3d at 619. The postponement acted as an immediate freeze of non-bankruptcy proceedings. Maintenance of an active collection action against a debtor, on the other hand, neither postpones collection nor maintains the status quo.

Consequently, we reject Eskanos's interpretation that "continuation" requires additional efforts beyond sustaining an active claim. The maintenance of an active collection action alone adequately satisfies the statutory prohibition against "continuation" of judicial actions. Consistent with the plain and unambiguous meaning of the statute, and consonant with Congressional intent, we hold that § 362(a)(1) imposes an affirmative duty to discontinue post-petition collection actions.

### B. Eskanos Willfully Violated the Automatic Stay

Section 362(h) permits sanctions for willful violations of § 362(a). A willful violation is satisfied if a party knew of the automatic stay, and its actions in violation of the stay were intentional. *Pinkstaff v. United States (In re Pinkstaff)*, 974 F.2d 113, 115 (9th Cir.1992).

Ample evidence in the record supports the bankruptcy court's finding that Eskanos willfully violated the automatic stay. The bankruptcy court found that: Eskanos was promptly notified of Leetien's filing on September 6, 2000; lawyers at Eskanos refused to take Leetien's counsel's telephone calls; Leetien's counsel left a message with a legal assistant and faxed to Eskanos a request to stay its state action by September 20, 2000; Eskanos did not dismiss its state collection action until September 29, 2000; lawyers at Eskanos made no attempt to explain its delay to Leetien's counsel prior to then; and Eskanos demonstrated no indication that it was attempting to move expeditiously to cure the automatic stay violation. The bankruptcy court also ruled that Eskanos's problem with its process server and missing case number lacked merit, noting that Eskanos was able to serve Leetien on September 5 with a summons and complaint containing a case number.

Eskanos concedes that it received notice on September 6 and did not dismiss the state collection action until September 29. It offers no evidence to the contrary that it refused to answer Leetien's counsel's calls or failed to receive the faxed requests. Nor does it offer any evidence that once it received notice of the bankruptcy filing, that it moved expeditiously to cure the automatic stay violation or attempt to contact Leetien informing her that it halted and discontinued its collection activity.

Eskanos continues to assert that sanctions are inappropriate because any delay in dismissal was due to problems with its process server. We disagree. Eskanos's internal disorder does not excuse it from complying with the automatic stay. Eskanos had knowledge of the bankruptcy filing. We find no clear error in the bankruptcy judge's finding that Eskanos willfully violated the automatic stay.

### C. Leetien Sustained Actual Damages

Section 362(h) allows for actual and punitive damages, including costs and attorneys' fees, as sanctions for willful violations. Leetien sustained actual damages in defending against a continuing stay vio-

lation and preventing a default judgment. We find no abuse of discretion from the bankruptcy court's joint award of $1,000 against Eskanos and First Select for its willful violation of § 362(a).

## IV

We conclude that § 362(a) imposes an affirmative duty to discontinue post-petition collection actions. Sanctions are appropriate pursuant to § 362(h) because Eskanos willfully violated the automatic stay by maintaining the active collection action and unjustifiably delaying its dismissal after receiving notice of the bankruptcy petition. Leetien sustained actual damages defending against the state action.

AFFIRMED.