**In the Matter of: Thurman BROWN, In Re,**

**Thurman Brown, Appellant,**

**v.**

**Wilshire Credit Corporation, Appellee.**

**No. 08–15036.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2009.

Filed July 14, 2009.

Ronald J. Ellett, Esq., Jay S. Volquardsen, Esq., Ellett Law Offices, P.C., Phoenix, AZ, for Appellant.

David William Engelman, Esq., Engelman Berger, P.C., Phoenix, AZ, for Appellee.

Before: TROTT, McKEOWN, and IKUTA, Circuit Judges.

### MEMORANDUM *

Contrary to the bankruptcy court's ruling, a trustee's sale is complete under Arizona law upon payment of the purchase price. Ariz.Rev.Stat. § 33–810; *see also In re Benson*, 293 B.R. 234, 237 (Bankr. D.Ariz.2003). If a trustee's sale is held in violation of the automatic stay, *see* 11 U.S.C. 362(a), the entity controlling the trustee's sale has an affirmative duty to "move[ ] expeditiously to cure the automatic stay violation," or, at the least, "attempt to contact" the debtor to inform him "that it halted and discontinued its collection activity." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir.2002); *see also* 11 U.S.C. § 362(k).

Brown has presented sufficient evidence to create a genuine issue of material fact as to whether Wilshire Credit Corporation controlled the actions of the trustee with respect to scheduling, conducting, and unwinding the foreclosure sale. Taken in the light most favorable to Brown, the emails and other evidence in the record show that Wilshire hired the trustee on behalf of LaSalle, and raise the inference that the trustee took direction from, and was actually controlled by, Wilshire. If Wilshire was controlling the foreclosure sale and the subsequent unwinding of the sale, Wilshire could be liable if it willfully violated the automatic stay or failed to expeditiously cure the stay violation. *See Eskanos*, 309 F.3d at 1215.

Because there is a genuine issue of material fact as to whether Wilshire controlled the actions of the trustee, we reverse and remand to the bankruptcy court for further proceedings on Brown's claim

that Wilshire willfully violated the automatic stay in Brown's bankruptcy proceeding. Given our ruling, we need not address Brown's alternative arguments.

### REVERSED AND REMANDED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

