**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No.   EC-16-1258-TaBJu |
| ) | |
| GOLD STRIKE HEIGHTS ) | Bk. No.   15-90811 |
| HOMEOWNERS ASSOCIATION, ) | |
| ) | |
| Debtor. ) | |
| _____) | |
| ) | |
| DON H. LEE, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| GARY FARRAR, Chapter 7 ) | |
| Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

Argued and Submitted on March 23, 2017
at Sacramento, California

Filed – April 24, 2017

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Ronald H. Sargis, Chief Bankruptcy Judge, Presiding

_____

Appearances:      Appellant Don H. Lee argued pro se; Joshua
                  P. Hunsucker of Neumiller & Beardslee argued
                  for appellee

_____

Before:   TAYLOR, BRAND, and JURY, Bankruptcy Judges.

_____

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

**INTRODUCTION**

The bankruptcy court held Indian Village Estates, LLC and appellant Don Lee in civil contempt under 11 U.S.C. § 105(a)[1] for violating the automatic stay. It awarded Appellee, the chapter 7 trustee for debtor Gold Strike Heights Homeowners Association, $7,244 in compensatory damages. In the main, Appellant does not dispute that some sanction was warranted; instead, he argues that the amount was excessive because Appellee unnecessarily multiplied the proceedings. The bankruptcy court, however, considered the reasonableness of the fee award; it partially agreed with Appellant, and cut Appellee's requested fees by about a third.

We AFFIRM the bankruptcy court.

**FACTS**

The facts are not in dispute.

**Initial proceedings.** Debtor Gold Strike Heights Homeowners Association filed a voluntary chapter 7 petition on August 20, 2015. Appellee was appointed as the chapter 7 trustee. Four days later, Appellant and Indian Village Estates sued Debtor in the Calaveras County Superior Court. About one day after that, Appellant received actual notice of the bankruptcy filing.

Appellee eventually removed the lawsuit to the bankruptcy court and then moved to dismiss the adversary proceeding; Appellant did not oppose; and the bankruptcy court granted the requested dismissal.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

**The contempt proceedings**. Thereafter in the main bankruptcy case, Appellee filed a motion for civil contempt sanctions. He argued that Appellant and Indian Villages Estates, although they knew they had violated the automatic stay shortly after case initiation, failed to take steps to remedy the violation and terminate the litigation. He sought about $13,000 in costs and expenses allegedly necessary to obtain a dismissal.

Appellant and Indian Village Estates opposed, arguing that the stay violation was inadvertent and harmless. They claimed that, other than filing the action, they did not prosecute the state court action. Appellee, they urged, never asked that the case be dismissed until March 2016; and they asserted that they were ready to dismiss the case in March 2016, when Appellee's counsel offered to prepare a stipulation to dismiss the case. Finally, they argued that, because a simple stipulation to dismiss would have ended the matter, all of Appellee's expenses and costs were unnecessary.

The court apparently issued a tentative ruling before hearing.[2] After hearing, it entered a civil minute order granting Appellee's motion for sanctions, finding Appellant and Indian Villages Estates in contempt, and awarding Appellee $7,244.00 in civil sanctions. It incorporated the findings of fact and conclusions of law as stated in the civil minutes.

---

[2] Appellant did not provide it in his excerpts of record; nor did he provide a transcript of the hearing. The Clerk of Court directed appellant to provide all necessary transcripts by February 10, 2017. BAP Dkt. 12. Appellant indicated that hearing's transcript was unnecessary. BAP Dkt. 16.

3

Appellant timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in awarding Appellee $7,244, rather than a lesser amount, in compensatory sanctions under § 105(a).

## STANDARD OF REVIEW

We review for an abuse of discretion the decision to hold a party in civil contempt and the determination of the proper amount of sanctions. Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003); Rediger Inv. Servs. v. H. Granados Commc'ns, Inc. (In re H Granados Commc'ns, Inc.), 503 B.R. 726, 731 (9th Cir. BAP 2013). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

## DISCUSSION

Section 362(k) allows individuals to recover damages for willful violations of the automatic stay. 11 U.S.C. § 362(k). Chapter 7 trustees, as representatives of bankruptcy estates, however, are excluded from § 362(k). Havelock v. Taxel

4

(In re Pace), 67 F.3d 187, 193 (9th Cir. 1995), amended (Oct. 11, 1995).  Instead, they must rely on "the civil contempt remedy provided by § 105(a)."  In re Dyer, 322 F.3d at 1190.  When determining whether a party is subject to civil contempt for violating the automatic stay, the threshold inquiry focuses on a finding of "willfulness."  Id. at 1191.  The bankruptcy court, thus, must find: (1) the party knew the automatic stay existed; and (2) the party intended the act that violated the stay.  Id.

At oral argument, Appellant candidly acknowledged that he had a duty to do something in the face of a stay violation, but did not; this comports with similar admissions in his briefs.  Cf. Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1214 (9th Cir. 2002) ("A party violating the automatic stay, through continuing a collection action in a non-bankruptcy forum, must automatically dismiss or stay such proceeding or risk possible sanctions for willful violations pursuant to § 362([k]).").  He thus waived any argument that he did not willfully violate the automatic stay.  As a result, we turn our attention to his concern over the amount of the sanctions.

**The bankruptcy court did not abuse its discretion by awarding Appellee $7,244 based on Appellant's civil contempt.**  Civil contempt sanctions must either be compensatory or designed to coerce compliance.  In re H Granados Commc'ns, Inc., 503 B.R. at 736; see In re Dyer, 322 F.3d at 1192.  "Attorneys' fees are an appropriate component of civil contempt sanctions."  In re H Granados Commc'ns, Inc., 503 B.R. at 736 (citing In re Dyer, 322 F.3d at 1195).  "This includes reasonable

5

attorneys' fees incurred in the process of voiding the stay violation." Id. (citing In re Dyer, 322 F.3d at 1195). But if the incurred fees do not flow from the stay violation, then their award is improper. Id. (citing In re Dyer, 322 F.3d at 1195 & n.19).

Here, Appellee requested $11,435 in fees, plus additional amounts if the motion was opposed, broken into four categories (removal; status conference and miscellaneous case issues; the motion to dismiss; and the motion for sanctions). This represented 40.9 hours of work. Appellee attached detailed time sheets. But the bankruptcy court did not award Appellee all of the requested fees; it awarded Appellee $7,244.00.

On appeal, Appellant focuses his argument on the reasonableness of the awarded fees. His theme is that the Trustee saw the stay violation as a lucrative opportunity and unnecessarily multiplied proceedings to drum up fees. The bankruptcy court's decision below shows that it partially agreed with Appellant. It was concerned that the Trustee "appears to have taken additional, possibly unnecessary steps, in dealing with the violation." Civil Minutes, August 4, 2016, 6.

The bankruptcy court, however, placed this concern in context. First, it determined: "It is clear from the totality of the circumstances that the Plaintiffs are locked in a death spiral battle with the Trustee and Debtor." Id. at 7. Second, it noted Appellant's inaction: "If Plaintiffs had taken 5 minutes, they could have unilaterally filed a dismissal of the state court action." Id. Given this inaction, the bankruptcy court concluded that "Plaintiffs cannot be reasonably heard to

6

complain that the Bankruptcy Trustee" removed the action and filed a motion to dismiss, despite Appellant's "intent" to dismiss the adversary proceeding and stated non-opposition to dismissal, because they "were unwilling to lift a finger to rectify their continuing violation of the automatic stay." Id.; see also id. ("The 'Opposition' filed by Plaintiffs demonstrates that they intentionally continued in violation of the automatic stay, placing the burden on the Trustee to address this continuing violation."). The bankruptcy court then concluded:

> Trustee's counsel has spent more time, which may well relate to necessary work concerning the underlying dispute, possible rights and interests asserted by Plaintiffs, and rights of the estate. The court computes that $7,244.00 in attorneys' fees relates directly to, and were caused by, Plaintiffs, and each of their failure to correct their continuing violation of the automatic stay.

Id. at 10. The bankruptcy court reduced Appellee's fee request by $4,191. Appellant may believe that the fees awarded are unreasonable, but he does not address how the bankruptcy court's reduction in the amount of fees was insufficient.

Last, Appellant argues that the bankruptcy court erred by ignoring evidence that he and Appellee agreed in March 2016 that Appellee would prepare a stipulation dismissing the adversary proceeding. We disagree. The bankruptcy court canvassed the evidence and discussed the issue over the course of at least a page and a half of single-spaced text. It concluded:

> However, nothing other than Don Lee's statement, facing this sanctions motion, that the Trustee stated that the Trustee would prepare a dismissal nor a stipulation to end the case has been presented to the court. The court does not find this statement credible. There is no indication that there was ever the expectation or inclination that the Trustee would

7

prepare the dismissal.

Id. at 9.  In reaching this conclusion, the bankruptcy court considered: oral argument at the hearing; declarations from Appellant and Appellant's then-attorney; and the emails Appellant offered as proof.  This conclusion, based on the court's credibility determination, was not illogical, implausible, or without support in the record.  The Trustee's failure to provide declaratory evidence denying any agreement to prepare the stipulation does not make reversal necessary.  The bankruptcy court did not believe Appellant; he did not need more than argument from the Trustee on this point.  We are not left "with the definite and firm conviction that a mistake has been committed."  Anderson v. City of Bessemer City, NC, 470 U.S. 564, 573 (1985) (internal citation omitted).

From Appellant's perspective, all it would have taken to dismiss his admittedly void state court lawsuit was a simple filing and he believes $7,244 in attorney's fees to accomplish that task seems excessive and disproportionate.  The problem with this view is that for the Trustee, the representative of the defendant in the suit, much more was required to dismiss the case.  Nor did the Trustee have the reasonable option of doing nothing — unattended lawsuits have a life of their own.

In sum and on this record,[3] we cannot find error in the bankruptcy court's reasonableness calculation.

---

[3]  As we note above, Appellant did not provide us with the hearing transcript, nor did he include the tentative ruling issued before the matter, which does not appear on the docket.

8

## CONCLUSION

Based on the foregoing, we AFFIRM.