**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 6 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: R&S ST. ROSE LENDERS, LLC, | No. 17-15561 |
| Debtor, | D.C. No. 2:16-cv-00707-APG |
| ———————————————— | |
| BRANCH BANKING AND TRUST COMPANY, | MEMORANDUM[*] |
| Plaintiff-Appellant, | |
| and | |
| COMMONWEALTH LAND TITLE INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | |
| BRIAN SHAPIRO, Trustee of the R&S St. Rose Lenders, LLC Liquidation Trust; R&S ST. ROSE, LLC; CREDITOR GROUP; U.S. TRUSTEE - LV - 11, | |
| Defendants-Appellees. | |

| | |
|---|---|
| In re: R&S ST. ROSE LENDERS, LLC, | No. 17-15562 |
| Debtor, | D.C. No. 2:16-cv-00707-APG |

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

_____

_____

COMMONWEALTH LAND TITLE
INSURANCE COMPANY,

   Plaintiff-Appellant,

 and

BRANCH BANKING AND TRUST
COMPANY,

   Plaintiff,

  v.

BRIAN SHAPIRO, Trustee of the R&S St.
Rose Lenders, LLC Liquidation Trust; R&S
ST. ROSE, LLC; CREDITOR GROUP;
U.S. TRUSTEE - LV - 11,

   Defendants-Appellees.

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted February 11, 2019
San Francisco, California

Before: McKEOWN, W. FLETCHER, and MURGUIA, Circuit Judges.

  Appellants Branch Banking and Trust Company ("BB&T") and

Commonwealth Land Title Insurance Company ("Commonwealth") appeal from

the district court's order affirming the bankruptcy court's denial of substantive

consolidation of the estates of R&S St. Rose Lenders, LLC ("Lenders") and R&S

St. Rose, LLC ("Rose"). We review the district court's decision de novo. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002). We affirm.[1]

**1.** These appeals are not moot under Article III of the Constitution. *See* U.S. Const. art. III, § 2, cl. 1. The Rose and Lenders estates are relatively simple, involving just one key asset, and approximately $8 million has yet to be distributed from Lenders. Therefore, there is still "*some* form of meaningful relief" that we could fashion. *See In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001). Moreover, we "could entirely 'reverse plan confirmation or require modification of the plan.'" *In re Mortgages Ltd.*, 771 F.3d 1211, 1214 (9th Cir. 2014) (quoting *In re Thorpe Insulation Co.*, 677 F.3d 869, 880 (9th Cir. 2012)).

**2.** These appeals are not moot under the discretionary doctrine of equitable mootness. *See Mortgages Ltd.*, 771 F.3d at 1214 ("[W]e can dismiss appeals of bankruptcy matters when there has been a comprehensive change of circumstances so as to render it inequitable for this court to consider the merits of the appeal.") (internal quotation marks omitted and alterations incorporated). These appeals do not present "transactions that are so complex or difficult to unwind that the doctrine of equitable mootness" should apply. *See Thorpe Insulation Co.*, 677 F.3d at 880 (quoting *In re Lowenschuss*, 170 F.3d 923, 933 (9th Cir. 1999)).

---

[1] The unopposed motions to substitute Brian Shapiro, Trustee of the R&S St. Rose Lenders, LLC Liquidation Trust, for Lenders as appellee in these appeals are **GRANTED**.

**3.** The bankruptcy court did not err in denying substantive consolidation under the framework set forth in *In re Bonham*, 229 F.3d 750 (9th Cir. 2000). Substantive consolidation is appropriate if "creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit[.]" *Id.* at 766.[2] However, substantive consolidation should be used "sparingly and in keeping with [its] equitable nature." *Id.* at 767 (internal quotation marks and citation omitted). In reviewing a bankruptcy court's substantive-consolidation decision, we review legal conclusions de novo and factual determinations for clear error. *Id.* at 763.

The bankruptcy court did not commit clear error in its fact-finding. There was evidence to support the bankruptcy court's finding that BB&T's predecessor, Colonial Bank, N.A., dealt with Rose and Lenders as separate economic units and relied on their separate identities each time Colonial extended credit to Rose. Appellants offer a number of alternative interpretations of the evidence, but where "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *In re Rifino*, 245 F.3d 1083, 1086 (9th Cir. 2001) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574

---

[2] Substantive consolidation is also appropriate when "the affairs of the debtor are so entangled that consolidation will benefit all creditors." *Id.* Appellants do not argue that the bankruptcy court should have granted consolidation under this *Bonham* factor.

(1985)).

Nor did the bankruptcy court commit legal error. Appellants primarily argue that the bankruptcy court should have focused on the individual investors (the highest number of creditors) instead of BB&T (the creditor with the highest claim value). But imposing such a bright-line rule would be inappropriate in the context of substantive consolidation, which is an equitable remedy evaluated on a case-by-case basis with an eye towards "fairness to all creditors." *Bonham*, 229 F.3d at 765. In this case, the bankruptcy court *considered* all creditors, but ultimately focused on the expectations of BB&T—the largest creditor, the creditor seeking substantive consolidation, and the only creditor who stood to benefit from substantive consolidation. This was not error.

Appellants also argue that the bankruptcy court failed to honor all creditors' expectations and improperly weighed the equities. Although substantive consolidation might have achieved BB&T's "expectation" of a first-position lien on the property, this expectation is not the type that substantive consolidation is intended to restore. *See id.* at 766 ("The first factor, reliance on the separate credit of the entity, is based on the consideration that lenders structure their loans according to their expectations regarding the borrower and do not anticipate either having the assets of a more sound company available in the case of insolvency or having the creditors of a less sound debtor compete for the borrower's assets.")

(internal quotation marks omitted and alteration incorporated). Certainly, BB&T's circumstances could be characterized as unfair. But the unfairness was not caused by BB&T's ignorance of the existence of Lenders or BB&T's treatment of Rose and Lenders as one entity. Substantive consolidation is not appropriate under these circumstances.

We reject Appellants' remaining arguments, which likewise do not demonstrate legal or factual error in the bankruptcy court's decision. The bankruptcy court correctly denied substantive consolidation.

Accordingly, the Trustee's motions to dismiss these appeals as moot are **DENIED**, and the district court's order is **AFFIRMED.**

6