

**ORDERED PUBLISHED**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>JEROME E. PERRYMAN,<br><br>　　　　　Debtor. | BAP No.  NC-21-1036-BFS<br><br>Bk. No.  19-10253 |
| JEROME E. PERRYMAN,<br>　　　　　Appellant,<br>v.<br>KAREN DAL POGGETTO,<br>　　　　　Appellee. | **OPINION** |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Dennis Montali, Bankruptcy Judge, Presiding

APPEARANCES:

Thomas Philip Kelly, III, argued for appellant; David P. Gardner argued for appellee.

Before: BRAND, FARIS, and SPRAKER, Bankruptcy Judges.

BRAND, Bankruptcy Judge:

## INTRODUCTION

Chapter 13[1] debtor Jerome E. Perryman appeals an order denying his motion for contempt against his former wife, Karen Dal Poggetto. Perryman

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

1

argued that Dal Poggetto's requests for continuances and attendance at status hearings in her prepetition state court action were willful violations of the automatic stay. He asserted that Dal Poggetto's actions constituted substantive pursuit of the prepetition action. Dal Poggetto denied the allegation, asserting that no substantive relief was sought in the stayed state court action, only continuances pending the outcome of Perryman's bankruptcy case, which did not violate the stay. We agree. The automatic stay does not require a creditor in a prepetition nonbankruptcy court action to dismiss that action once a bankruptcy case is filed. Requesting continuances and attending status conferences do not constitute continuation of the prepetition action for purposes of the automatic stay. Therefore, we AFFIRM.

**FACTS**

Dal Poggetto filed a petition for dissolution of marriage in 2017. Per the parties' marital settlement agreement and the judgment entered in the dissolution proceeding, Perryman would receive the marital home and Dal Poggetto would receive an equalization payment of $29,000. Perryman was required to sign a promissory note and deed of trust against the marital home in favor of Dal Poggetto, securing this obligation.

Perryman failed to execute the promissory note and deed of trust. On March 26, 2019, Dal Poggetto filed a Request for Order in the dissolution proceeding seeking to effect their execution by the clerk of the state court. Dal Poggetto also sought from Perryman $3,000 in sanctions and $7,000 in attorney's fees. The Request for Order was set for hearing on May 6, 2019.

On April 18, 2019, Perryman filed his chapter 13 bankruptcy case. Dal Poggetto received notice of the bankruptcy filing and the notice of stay filed by Perryman's counsel in the dissolution proceeding.

The first hearing on the Request for Order was held on May 6, 2019, as scheduled. The matter was continued several times – to November 4, 2019, then May 26, 2020, then November 16, 2020, and then to December 16, 2020. Prior to the last hearing, Perryman's counsel sent a letter to Dal Poggetto's counsel asserting that the continued hearings were postpetition actions to collect a prepetition debt and violated the automatic stay. Dal Poggetto's counsel responded that the Request for Order was stayed and would not proceed until the bankruptcy proceeding was adjudicated. At the continued hearing on December 16, Dal Poggetto's counsel asked the state court to continue the Request for Order again until June 17, 2021, pending the outcome of Perryman's bankruptcy case.

Perryman then filed in the bankruptcy court a motion for contempt against Dal Poggetto, arguing that her requests for continuances constituted continued prosecution of the Request for Order and were willful violations of the automatic stay under § 362(a)(1) and (5). Perryman argued that he had incurred $1,400 in attorney's fees due to Dal Poggetto's wrongful actions.

Dal Poggetto opposed the motion, arguing that attending continued hearings for the purpose of monitoring the status of a bankruptcy case, especially when ordered to do so by the court, did not violate the automatic stay. Dal Poggetto argued that she was not moving forward with the Request

for Order and there had been no change in the status of the matter; it was only being continued while Perryman's chapter 13 case proceeded, pending a later discharge, if any.

The bankruptcy court denied the contempt motion as "meritless" and "frivolous" and vacated the scheduled hearing. The court opined that continuances for such matters, whether ordered by the court, done by the clerk, or requested by Dal Poggetto's counsel pending further bankruptcy developments were "quite routine" and did not violate the automatic stay. Specifically, the court found that Dal Poggetto's actions did not even "come close" to an act to collect a debt under § 362(a)(1), or to create, perfect, or enforce any lien under § 362(a)(4). This timely appeal followed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err in determining that Dal Poggetto did not violate the automatic stay by requesting continuances for the Request for Order pending the outcome of Perryman's bankruptcy case?

## STANDARDS OF REVIEW

Whether the automatic stay provisions of § 362(a) have been violated is a question of law we review de novo. *Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi)*, 764 F.3d 1168, 1173 (9th Cir. 2014); *Keller v. New Penn Fin., LLC (In re Keller)*, 568 B.R. 118, 121 (9th Cir. BAP 2017). Whether a party has willfully

4

violated the stay is a factual finding we review for clear error. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *In re Keller*, 568 B.R. at 121 (citing *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010)).

## DISCUSSION

The filing of a bankruptcy petition creates an automatic stay under § 362(a) which protects debtors from certain acts by creditors. Those acts include: the continuation of a judicial action that was commenced before the petition date; any act to create, perfect, or enforce any lien against property of the estate; or any act to create, perfect, or enforce against property of the debtor any lien that secures a claim that arose before the petition date. § 362(a)(1), (4), (5).[2] Injured debtors can recover for actual damages, including costs and attorney's fees, for willful violations of the stay. § 362(k)(1). Dal Poggetto concedes that the relief sought in the Request for Order was stayed by the bankruptcy filing and that it did not fall under any of the exceptions to the automatic stay under § 362(b).

Perryman argues that the continuances for the Request for Order constituted continued pursuit of the matter and violated the automatic stay. We disagree.

---

[2] The Request for Order undisputedly fell under § 362(a)(1). It also appears to have fallen under either § 362(a)(4) or (5) or both. Regardless of the applicable subsection, it does not affect our opinion.

5

We equate a continuance like this to a postponement of a foreclosure sale. The Ninth Circuit Court of Appeals has held that a creditor's postponement and rescheduling of a foreclosure sale after a debtor files a bankruptcy petition maintains the status quo and does not violate the automatic stay. *First Nat'l Bank of Anchorage v. Roach (In re Roach)*, 660 F.2d 1316, 1318-19 (9th Cir. 1981) (holding that a preconfirmation postponement of a prepetition foreclosure sale merely maintains the status quo and is consistent with the purpose of the automatic stay); *Mason-McDuffie Mortg. Corp. v. Peters (In re Peters)*, 101 F.3d 618, 620 (9th Cir. 1996) (extending *Roach* to postconfirmation postponements of foreclosure sales).

We decline Perryman's invitation to interpret "continuation of a judicial action" in § 362(a)(1) to include a "continuance" or status hearing in a stayed nonbankruptcy proceeding to determine if the automatic stay still affects that proceeding. Continuances and status hearings in prepetition nonbankruptcy court matters pending further bankruptcy developments are commonplace and do not constitute prosecution of the matter. "Continuances like these keep the matter against the debtor 'on hold' consistent with the stay; they do not advance the matter in the creditor's favor." *In re Welsch*, 602 B.R. 682, 686 (Bankr. N.D. Ill. 2019) (holding that continuances in a prepetition domestic relations proceeding did not violate the automatic stay);[3] *In re Cobb*, 88 B.R.

---

[3] As the *Welsch* court prudently observed:

> Indeed, it makes sense for state courts hearing domestic relations cases to hold periodic status hearings on matters to which the stay applies when the debtor has filed a chapter 13 case. Debtors in chapter 13 cases must make monthly plan

119, 120 (Bankr. W.D. Tex. 1988) (holding that a status hearing does not violate the automatic stay because it does not move the case forward to a judicial determination).

This is consistent with *Eskanos*. In *Eskanos*, the creditor commenced a collection action against the debtor in state court postpetition. 309 F.3d at 1212. One month later, the creditor dismissed the action. *Id.* In reviewing § 362(a)(1), the Ninth Circuit Court of Appeals found that the statute "prohibits the continuation of judicial actions," which "includes the maintenance of collection actions filed in state court." *Id.* at 1214. The court held that § 362(a)(1) imposes an affirmative duty to "discontinue" postpetition collection actions, meaning either to dismiss or stay such actions, or risk possible sanctions for willful violations of § 362(a)(1) under § 362(k)(1). *Id.* at 1214-15 (applying former § 362(h)). Thus, the creditor's actions of not taking the debtor's phone calls about the bankruptcy filing, refusing to stay the collection action, and failing to explain its delay in dismissing it violated the automatic stay and warranted sanctions. *Id.* at 1215.

Unlike *Eskanos*, the present matter does not involve a postpetition collection action. Dal Poggetto filed the Request for Order three weeks before

---

payments for three to five years. Many cases are dismissed before the debtors complete their plans, usually for failure to make plan payments. When the case is dismissed, the stay is no longer in effect, allowing all non-bankruptcy proceedings to which the stay applied to go forward. Holding periodic status hearings to make sure that the bankruptcy case has not been dismissed is appropriate and does not violate the stay.

*In re Welsch*, 602 B.R. at 686-87 (cleaned up).

Perryman filed his chapter 13 petition, and the dissolution proceeding was filed nearly two years prior. Further, the Request for Order was effectively stayed and not prosecuted. *See In re Long*, No. 07-60011-7, 2009 WL 981134, at *4-5 (Bankr. D. Mont. Jan. 9, 2009) (discussing *Eskanos* in the context of a prepetition collection action and concluding that the obligation to "discontinue" such an action permits staying the action and preserving the status quo). Although Perryman argues that Dal Poggetto pursued substantive relief at the continued hearings, the record does not support this. Near as we can tell, without the benefit of a transcript and only the state court's minutes, the only thing that occurred was either the court's order to continue the matter or Dal Poggetto's requests to continue it. These actions did not disturb the status quo and are consistent with *Eskanos* and *Roach*. Finally, *Eskanos* did not hold, or even suggest, that a nonbankruptcy court holding a hearing to ascertain whether the automatic stay affects the proceeding before it, or continuing such proceedings to a future date to determine whether the stay is still in effect, violates the automatic stay.[4]

## CONCLUSION

The continuances of the Request for Order, whether ordered by the court, done by the clerk, or requested by Dal Poggetto did not violate the

---

[4] *But see In re Hall-Walker*, 445 B.R. 873, 876 (Bankr. N.D. Ill. 2011) (relying on *Eskanos* to hold that an ex-spouse's continuances of a prepetition state court contempt action violated the automatic stay). We agree with *Welsch* that the bankruptcy court in *Hall-Walker* interpreted *Eskanos* too broadly and failed to distinguish the unique facts of that case. *In re Welsch*, 602 B.R. at 685-86. *Hall-Walker* incorrectly relied on *Eskanos* to hold that seeking continuances in a stayed prepetition domestic relations proceeding violated the automatic

automatic stay, and the bankruptcy court did not err in so concluding. We

AFFIRM.[5]

---

stay as a "continuation" of a judicial action against the debtor under § 362(a)(1).

[5] Perryman argues that the bankruptcy court applied an incorrect standard of law in holding that a stay violation is not present when "nothing has changed." That is not what the bankruptcy court held. It reasoned that the weakness of Perryman's contempt claim was underscored by the fact that nothing had changed in the status of the Request for Order between the first continuance and the last one, nearly two years later.