**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re:  MARK E. STUART,

        Debtor,

------------------------------

MARK E. STUART,

        Appellant,

  v.

CITY OF SCOTTSDALE; RUSSELL
BROWN, Chapter 13 Trustee; CITY OF
SCOTTSDALE ATTORNEY'S OFFICE,

        Appellees.

No.    21-60063

BAP No. 21-1063

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Spraker, Bankruptcy Judges, Presiding

Submitted August 7, 2023**
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Mark Stuart appeals pro se from the judgment of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's order denying his motion for sanctions against the City of Scottsdale (Scottsdale) for a purported violation of the 11 U.S.C. § 362(a) automatic stay. We review de novo,[1] and we affirm.

Scottsdale's conduct — promptly requesting a stay of the pre-petition writ of garnishment proceedings but refusing to request or agree to dismissal of the writ — complied with the relevant automatic stay provisions. *See* 11 U.S.C. § 362(a)(1)–(3), (6). The Supreme Court has explained that an entity does not violate 11 U.S.C. § 362(a)(3) or exercise control over a bankrupt estate's property merely "by retaining possession of a debtor's property after a bankruptcy petition is filed." *City of Chicago v. Fulton*, __ U.S. __, __, 141 S. Ct. 585, 589, 208 L. Ed. 2d 384 (2021). That reasoning applies with more force here: Scottsdale was not even in possession of Stuart's property and thus had no obligation to act affirmatively to facilitate his access to that property. *See id.* at __, 141 S. Ct. at 590; *see also Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 21, 116 S. Ct. 286, 290, 133 L. Ed. 2d 258 (1995). Likewise, Scottsdale's conduct did not amount to a

---

[1] *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010); *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002).

"continuation" of the writ of garnishment proceedings,[2] an "enforcement" of an earlier judgment,[3] or an "act to collect, assess, or recover a claim against" Stuart.[4] The writ proceedings were stayed, and it is undisputed that Scottsdale took no action during the stay to obtain payment from Stuart or from the bank accounts subject to the writ.

Reading 11 U.S.C. § 362(a) as inapplicable in these circumstances is a "rational, common-sense result," notwithstanding Stuart's contrary preference. *Ariz. State Bd. for Charter Schs. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006).

**AFFIRMED.**

---

[2] 11 U.S.C. § 362(a)(1); *see Eskanos*, 309 F.3d at 1214–15.

[3] 11 U.S.C. § 362(a)(2).

[4] *Id.* § 362(a)(6); *see Morgan Guar. Tr. Co. of N.Y. v. Am. Sav. & Loan Ass'n*, 804 F.2d 1487, 1491 (9th Cir. 1986).