

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>LATASHA DENELL MITCHELL,<br>　　　　　Debtor. | BAP No. EC-21-1010-LBT<br><br>Bk. No. 2:10-bk-41906-CMK |
| LATASHA RICHARDSON, fka Latasha<br>Denell Mitchell,<br>　　　　　Appellant,<br>v.<br>SELECT PORTFOLIO SERVICING, INC.,<br>　　　　　Appellee. | Adv. No. 2:20-ap-02166-CMK<br><br>**MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Eastern District of California
Christopher M. Klein, Bankruptcy Judge, Presiding

Before: LAFFERTY, BRAND, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Latasha Richardson (formerly Latasha Mitchell) appeals the
bankruptcy court's orders denying her motions for contempt and for
summary disposition against appellee Select Portfolio Servicing, Inc.
("SPS"), based on her allegations that SPS violated the automatic stay and
discharge injunction by continuing to collect payments on the loan secured

---

　　<sup>*</sup> This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential

by a deed of trust on her residence both before and after she received her chapter 7[1] discharge.

Although the bankruptcy court erred in finding no stay violation, that error was harmless because no compensatory damages were requested or alleged to have resulted from the specific conduct at issue. And we agree with the bankruptcy court that SPS's conduct in collecting payments on the loan, without attempting to collect against Debtor personally, did not violate the discharge injunction. Accordingly, we AFFIRM.

## FACTS[2]

Debtor filed a chapter 7 bankruptcy case in August 2010. At the time, she owned a residence in Elk Grove, California (the "Residence"), that secured a loan serviced by SPS. On her Chapter 7 Individual Debtor's Statement of Intention, she indicated that she intended to surrender the Residence.[3] On October 26, 2010, the bankruptcy court orally granted relief from stay to the holder of the note,[4] entering the order on November 9,

---

value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2] Where necessary, we have exercised our discretion to take judicial notice of the dockets and imaged papers filed in Debtor's bankruptcy case and the related adversary proceeding. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] Despite this statement and her continued insistence throughout this litigation that she surrendered the Residence during her bankruptcy, Debtor has continued to reside there.

[4] At the time, the holder of the note was U.S. Bank National Association, as

2010. On December 6, 2010, Debtor was granted a discharge, and the case was closed in January 2011.

In January 2018, Debtor commenced an action against SPS in the Superior Court of California, County of Sacramento. In that lawsuit, she alleged that she had been denied eligibility under the Keep Your Home California ("KYHC") program due to improper reporting about her loan by SPS. She asserted causes of action for: (1) intentional interference with prospective economic advantage; (2) negligent interference with prospective economic advantage; (3) fraud by concealment; (4) negligence; (5) negligent misrepresentation; and (6) unfair business practices. Underlying those claims was Debtor's allegation that she was denied eligibility for a KYHC principal reduction program because SPS inaccurately informed KYHC that Plaintiff had an interest-only loan and that her loan was in active litigation.

In September 2020, the state court granted SPS's motion for summary judgment on all of Debtor's claims against it. In its ruling, the state court found that although Debtor's personal liability on the note had been discharged in her chapter 7 bankruptcy, SPS (on behalf of the lender) still had the right to enforce the deed of trust against the Residence. The state court also denied Debtor's motion for reconsideration.

---

trustee, on behalf of the holders of CSAB Mortgage-Backed Pass-Through Certificates, Series 2007-1 ("U.S. Bank").

Shortly thereafter, Debtor removed the state court action to the bankruptcy court, initiating the adversary proceeding underlying this appeal. Debtor then filed a motion for contempt against SPS, alleging violations of the automatic stay and discharge injunction due to SPS's collection of payments from 2010 through 2015. In addition to the allegations regarding SPS's supposed interference with her application for the KYHC program, she alleged that SPS had "coerced" a $3,100 payment in a telephone call to Debtor on November 5, 2010 (after the bankruptcy court had orally granted stay relief but before entry of its written order), that it had also collected $93,187.27 in "involuntary lien payments" post-discharge, between January 2011 and December 2014, and that SPS had failed to account for those payments. She alleged that SPS mailed her 118 "counterfeit" monthly mortgage statements and 220 collection letters and had made 400 automated debt collection telephone calls to her. She also alleged that in 2015 SPS had induced her to enter into a "fraudulent" lien modification agreement and had misled her to believe that her obligation to make payments on the loan had survived discharge.[5]

SPS filed an opposition, arguing that its conduct did not constitute contempt because Debtor's discharge had not eliminated the loan or the

---

[5] In Debtor's supporting declaration, she seemed to be complaining that SPS should have foreclosed rather than trying to collect payments from her. But the payments allowed her to remain in the home. Although Debtor also stated in her declaration that she owned a second (less expensive) property into which she could have moved, she did not move but chose to remain in the Residence.

lien, and it did not prohibit SPS from accepting payment or telling Debtor that failure to make payments could result in foreclosure. SPS pointed out that it had worked with Debtor on multiple loan modifications and that Debtor had continued to reside in the property without making any mortgage payments for more than five years.

Debtor then filed an "Ex Parte Motion for Summary Disposition on Plaintiff's Motion for Order of Contempt." She argued that because SPS had not responded to the specific allegations regarding its collection of payments before and after the discharge order, she was entitled to summary disposition on her motion.

After a hearing, the bankruptcy court denied both motions, rejecting Debtor's theory that her discharge eliminated the mortgage and noting that the lien remained in place notwithstanding the discharge and that SPS was entitled to enforce it. Debtor timely appealed.[6]

On January 13, 2021, the bankruptcy court granted SPS's motion to remand the matter to state court.

**JURISDICTION**

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

---

[6] Although Debtor filed her notice of appeal outside of the 14-day time limit of Rule 8002(a)(1), the bankruptcy court granted her timely motion for an extension of

5

**ISSUES**

Did the bankruptcy court err in finding that SPS did not violate the automatic stay?

Did the bankruptcy court err in finding that SPS did not violate the discharge injunction?

**STANDARDS OF REVIEW**

Whether the automatic stay has been violated is a question of law that we review de novo. *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213 (9th Cir. 2002). Whether a party has willfully violated the automatic stay is a question of fact that we review for clear error. *Id.*

"The scope of the bankruptcy discharge injunction is a mixed question of law and fact to be reviewed either de novo or for clear error, depending upon whether questions of law or questions of fact predominate." *Mellem v. Mellem (In re Mellem)*, 625 B.R. 172, 177 (9th Cir. BAP 2021) (citing *U.S. Bank Nat'l Ass'n ex rel CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967-68 (2018)).

"De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014). Factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010). If two views of the

---

time to appeal.

evidence are possible, the trial court's choice between them cannot be clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

## DISCUSSION

**A.   The bankruptcy court erred in finding that SPS did not violate the automatic stay, but that error was harmless.**

Section 362(k) permits a debtor to recover sanctions for willful violations of the automatic stay. *Eskanos & Adler*, 309 F.3d at 1215. A stay violation is willful if a party knew of the automatic stay, and its actions in violation of the stay were intentional. *Id.*

The only stay violation alleged by Debtor is the November 5, 2010 telephone call by an SPS representative, who demanded a $3,100 payment on the mortgage, telling Debtor that she would be "ejected" from the house during the bankruptcy if she did not make the payment. The call was apparently in response to a letter Debtor sent to SPS after she received orders from the U.S. Navy to go to Afghanistan. According to Debtor's declaration, the Navy requires servicemembers to alert their creditors when they are deployed. Debtor alleged that she told the SPS representative that she was in bankruptcy and had surrendered the property, to which the representative allegedly replied that there was no record of the surrender or a bankruptcy discharge, but rather that the case had been dismissed. Debtor thereafter "reluctantly" permitted SPS to process the payment.

The bankruptcy court did not address this specific allegation in its ruling. It stated, "I am persuaded that there has been no violation of the

7

discharge injunction, and that the automatic stay expired upon the entry of the discharge, and there's not a violation with respect to that." Hr'g Tr. (Dec. 16, 2020) at 13:20-23.

The November 5 telephone call took place after the bankruptcy court had orally granted relief from stay but before it entered its written order. Although U.S. Bank had requested in its motion for relief from stay that the court waive the 14-day stay under Rule 4001(a)(3), nothing in the record suggests that the court did so. Accordingly, the phone call appears to have been at least a technical stay violation. SPS argues that if there are post-petition arrearages, a creditor may contact a debtor to make payments arrangements without violating the stay, citing *Henry v. Associates Home Equity Services, Inc. (In re Henry)*, 266 B.R. 457, 472 (Bankr. C.D. Cal. 2001). But the bankruptcy court in *Henry* was referring to the situation where a chapter 7 debtor has filed a statement of intention indicating that she intends to keep the subject property and continue to make payments. That is not the situation here.

Even if the bankruptcy court erred in finding that the stay had not been violated, the error was harmless. Debtor did not allege or quantify any specific damage arising from this one phone call. Notably, the request for damages in her motion for contempt does not include compensatory damages but only "emotional distress damages, punitive damages, attorney, fees, and sanctions." Under these circumstances, there was no basis for awarding damages under § 362(k). *See McHenry v. Key Bank (In re*

8

*McHenry)*, 179 B.R. 165, 168 (9th Cir. BAP 1995) (finding a willful stay violation where creditor repossessed automobile but refusing to award damages because debtors intended to return the vehicle, and their inconvenience and annoyance was insufficient to warrant a damages award). Moreover, making the payment benefited rather than damaged Debtor because it avoided foreclosure and permitted her to remain in the home.

Debtor's arguments on appeal are difficult to understand. To begin, she lists sixteen issues on appeal, most of which were not before the bankruptcy court nor were they argued in her appellate briefs, e.g., issues related to supposed irregularities in the lien modification agreement and failure to find that the alleged stay violation was a violation of 18 U.S.C. § 152(b).[7]

Debtor also insists that SPS's conduct in continuing to collect payments post-discharge was an ongoing stay violation warranting sanctions under § 362(k). She relies on *In re LeGrand*, 612 B.R. 604 (Bankr. E.D. Cal. 2020), a case in which a judgment creditor waited nineteen days after being notified of the automatic stay and discharge order to terminate

---

[7] At oral argument, Debtor's counsel continued the pattern of raising new issues. He argued that: (1) the language of the debt collection letters sent by SPS misled Debtor into thinking she had to continue making payments notwithstanding the discharge; and (2) SPS had held itself out as the secured creditor when it was merely the servicer. The record does not reflect that any collection letters were presented as evidence in the bankruptcy court, and the cover letters sent with the mortgage statements clearly identify SPS as the servicer. Counsel also stated that Debtor had requested

its pre-petition earnings withholding order with the debtor's employer. As a result, several post-discharge wage garnishments occurred. In deciding what sanctions were appropriate, the bankruptcy court noted that although it could award civil contempt sanctions for violation of the discharge injunction,

> [w]hen, as here, a violation of the discharge injunction is merely a continuation of pre-discharge conduct that violated the automatic stay, § 362(k)(1) continues to provide stronger, more explicit, and more definite statutory remedies that are more adequate to the task than the least-possible-exercise-of-power restriction on civil contempt.

*Id.* at 613. Accordingly, the court awarded sanctions only under § 362(k).

The facts of *LeGrand* are distinguishable, and nothing in the reasoning of that case warrants treating any post-discharge collection attempts by SPS as stay violations: as discussed below, the discharge did not prohibit SPS from enforcing its lien.

## B. The bankruptcy court did not err in finding that SPS did not violate the discharge injunction.

A party that knowingly violates the discharge injunction may be held in contempt under § 105(a). *Nash v. Clark Cnty. Dist. Att'y's Off., Bad Check Diversion Unit (In re Nash)*, 464 B.R. 874, 880 (9th Cir. BAP 2012). "The party seeking contempt sanctions for violation of the discharge injunction has the burden of proving, by clear and convincing evidence, that the sanctions are justified." *Id.* (citing *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d

---

compensatory damages in her motion for contempt, which she did not.

1193, 1205 n.7 (9th Cir. 2008), *aff'd*, 559 U.S. 260 (2010)). To be entitled to contempt sanctions, the debtor must show that the creditor: "(1) knew the discharge injunction was applicable and (2) intended the actions which violated the injunction." *Id.* (quoting *Espinosa*, 553 F.3d at 1205 n.7.) Contempt sanctions are appropriate when "there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019).

Debtor's motion for contempt was based on her erroneous belief that her bankruptcy extinguished the loan on her Residence for all purposes. But the bankruptcy discharge does not eliminate a secured loan; while it relieves the debtor from personal liability for the debt, it does not extinguish the creditor's right to proceed against the collateral. *Garske v. Arcadia Fin., Ltd. (In re Garske)*, 287 B.R. 537, 542 (9th Cir. BAP 2002) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 80 & 82–83 (1991)). This is because liens pass through bankruptcy unaffected. *Dewsnup v. Timm*, 502 U.S. 410, 417-18 (1992). Accordingly, so long as the creditor is not attempting to collect the debt as a personal liability of the debtor, there is no discharge violation. *In re Garske*, 287 B.R. at 545. *See also* § 524(j).[8]

---

[8] That statute provides:

> Subsection [524](a)(2) does not operate as an injunction against an act by a creditor that is the holder of a secured claim, if—
> (1) such creditor retains a security interest in real property that is the principal residence of the debtor;
> (2) such act is in the ordinary course of business between the creditor and the debtor; and

11

The bankruptcy court found no factual basis for a violation of the discharge injunction because there was no evidence of any effort to collect from the debtor personally. It found instead that SPS's conduct was an effort to enforce the lien only. Notably, the monthly mortgage statements sent to Debtor contained the following language: "THIS IS NOT AN ATTEMPT TO COLLECT A DEBT. THIS STATEMENT IS BEING SENT FOR INFORMATIONAL PURPOSES ONLY. We acknowledge your bankruptcy filing. Unless otherwise instructed by the bankruptcy court, you should continue to make the payments required under your loan documents to the address listed on the attached coupon." In another section, the mortgage statements included this language: "Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in the bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you."

In short, there was no legal or factual basis on which the bankruptcy court could have found a violation of the discharge injunction.

---

(3) such act is limited to seeking or obtaining periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.

12

## CONCLUSION

For these reasons, the bankruptcy court did not err in denying the motions.[9] Accordingly, we AFFIRM.

---

[9] On appeal, Debtor did not address the denial of her motion for summary disposition. Accordingly, the issue is waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). In any event, in the bankruptcy court she cited no authority for obtaining such relief.